## EASTMAN *v.* JUDKINS.

A sheriff is not liable for the loss of property attached by his deputy, unless the loss is occasioned by the deputy's want of ordinary care.

A creditor, at whose suit property is attached, assenting, with a full knowledge of the circumstances, to the attaching officer's leaving it in the care of a keeper, is estopped from claiming that a loss of the property thereby was from the negligent conduct of the officer.

CASE, against a sheriff for the negligence of his deputy in not safely keeping goods attached by him on a writ in favor of the plaintiff. When the goods were attached, they were not removed from the premises of the debtor, but were left there in the care of a keeper. Soon after, the deputy informed the plaintiff of what he had done, and the plaintiff assented. The keeper moved away, and the property was, some of it, taken by another officer, and some of it sold by the debtor; and when it was called for by an officer, having the plaintiff's execution by a demand upon the deputy who attached it, he could not produce it. Neither the deputy nor the plaintiff looked after or inquired about the property after it was placed in the hands of a keeper.

The plaintiff requested the court to instruct the jury, that, the deputy having attached the goods and not producing a receiptor, if he did not produce them on demand by an officer having an execution within thirty days after judgment, the defendant was liable. The court denied the request, and instructed the jury that the defendant was liable if the property was lost through any want of ordinary care of his deputy, either in the appointment of a

keeper or otherwise; and if the plaintiff, with full knowledge of how the property was left, and of all the circumstances connected with the appointment of the keeper, assented to it, he is estopped from claiming it as a negligent act. The plaintiff excepted to the refusal of the court to give the instruction requested. Verdict for the defendant, and motion for a new trial.

*A. F. L. Norris* and *Albin*, for the plaintiff.

*Mugridge* and *Blodgett*, for the defendant.

ALLEN, J. A sheriff is liable for the default of his deputy in not safely keeping property attached. *Morse* v. *Betton*, 2 N. H. 184. Unless the property is receipted for, it is the duty of the attaching officer to retain possession of it, or to secure it where it is found. And if this cannot be done, and the removal of the property is necessary for its safe keeping, it is the duty of the officer to remove it though the removal is attended with inconvenience. *Dunklee* v. *Fales*, 5 N. H. 527; *Chadbourne* v. *Sumner*, 16 N. H. 129, 132. But a sheriff is not liable, absolutely and at all events, for the loss of property attached and for not having it to apply on the execution, but only for a loss through want of ordinary care and prudence. He does not insure the property nor guarantee its safe keeping, but is under a duty to exercise ordinary care and diligence in looking after it; and if he does this, he is not responsible for the loss. *Runlett* v. *Bell*, 5 N. H. 435; *Richards* v. *Gilmore*, 11 N. H. 493; *Lovell* v. *Sabin*, 15 N. H. 29; *Kendall* v. *Morse*, 43 N. H. 553. If he delivers the property to a third person, not a receiptor, for safe keeping, he is liable for a loss through such person's negligence, the same as he would be for a loss through his own want of care; for the keeper is his servant, and the servant's negligence is his own.

The officer is liable for the loss of the attached property, unless he has a legal excuse. Due diligence, or the exercise of reasonable care under all the circumstances, relieves him, and he cannot be charged with a loss which arises from obeying the lawful directions of the attaching creditor. In *Hamilton* v. *Dalziel*, 2 Wm. Blackstone 952, the sheriff appointed a special bailiff at the instance of the plaintiff, and was exonerated from default in not returning the writ. To the same effect is *DeMoranda* v. *Dunkin*, 4 T. R. 119. In *Donham* v. *Wild*, 19 Pick. 520, which was case against a constable for not levying an execution against the debtor on goods attached on a writ in favor of the plaintiff, the goods had been delivered by the defendant, when attached, to a third person named by the plaintiff, and afterwards, before judgment, disposed of by the debtor. In the opinion by *Morton*, J., the English cases of *Hamilton* v. *Dalziel* and *DeMoranda* v. *Dunkin* are cited with approval, and it is said that the plaintiff need not give advice or

directions, but if he interfere, he could not recover for any loss arising by reason of following his directions.

An assent to the officer's acts by the plaintiff, given with a knowledge of all the circumstances, was a ratification of the acts, and equivalent to original authority and direction; and, if assent was so given, the plaintiff cannot now be heard to complain of a loss arising from acts assented to and ratified by him. There was no error in denying the instruction prayed for, nor in the instructions given.

*Judgment on the verdict.*

FOSTER, J., did not sit: the others concurred.